[No. 21436. Department One. April 19, 1929.]

ALVIN MUEHLER, *Plaintiff*, v. KELLOGG-PRESTON LOGGING COMPANY, *Defendant*.

DAVE DONALDSON *et al.*, *Appellants*, v. PUGET SOUND NATIONAL BANK, *Respondent.*[1]

*Bates & Peterson, O. A. Tucker,* and *Gus L. Thacker,* for appellants.

*Guy E. Kelly* and *Thomas MacMahon,* for respondent.

BEALS, J.—A receiver having been appointed for Kellogg-Preston Logging Company, a corporation, a hearing was had pursuant to a petition of the receiver praying for an order determining the priority of certain liens and claims which had been filed in the receivership proceeding. The receiver had in his possession cash in a considerable amount, being the proceeds of a sale of logs which he had sold under order

[1]Reported in 276 Pac. 558.

of the court. The defendant corporation was hopelessly insolvent, and some of its creditors sought to establish prior claims to the fund in the hands of the receiver. Alvin Muehler claimed a lien for stumpage. Dave Donaldson claimed a lien for labor, on his own behalf and as assignee of other workmen. Respondent Puget Sound National Bank, a corporation, claimed a lien by virtue of a chattel mortgage in its favor in the sum of fifteen hundred dollars securing the promissory note of the corporation, made and delivered prior to the appointment of the receiver, and other general claimants presented themselves, with whom we are not particularly concerned.

All parties appearing and offering testimony in support of their several claims, the court entered a formal order establishing the relative priorities as follows: First, to some of the claims for labor, aggregating $2,921.35; second, to the Puget Sound National Bank in the sum of $875; third, to certain other claims for labor; fourth, to appellant Alvin Muehler, for his claim for stumpage; and, fifth, to the general claimants. From this order, the labor claimants whose claims were made junior to the claim of Puget Sound National Bank, and Alvin Muehler, have appealed.

Appellants assign error upon the ruling of the trial court adjudging their respective claims to be junior and inferior to the claim of respondent bank. The testimony is confusing. We have read it carefully, but are unable to find that any claims for labor were denied any priority over the claim of respondent bank to which they were entitled.

In regard to the claim of appellant Muehler for stumpage, the testimony is extremely vague and unsatisfactory. This appellant presented his claim to the receiver alleging that there was due him on account of his lien for stumpage on the logs sold by the

receiver the sum of $592.73, and that his entire claim for unpaid stumpage amounted to $1,796.49. He also alleged that he claimed $3,000 due him on account of logs cut but not removed from the land. Appellant Muehler did not testify at the hearing, but the following occurred on cross-examination of the receiver:

"Q. Mr. Preston, in checking the ledger—this ledger account of the stumpage on the Muehler contract showed that there was a balance due on timber cut of $1,796.44; that is correct, besides what was due on those two rafts of logs that the receiver sold. That is correct, it it? A. It would appear so."

The question propounded to the receiver apparently eliminates the amount due on the logs that the receiver sold. The claim filed by this appellant is not evidence of anything, no lien filed by him was introduced in evidence, and from the record before us we are unable to say that the trial court erred in adjudging the claim of appellant Muehler to be inferior to a portion of the claim of respondent.

Finding no error in the record, the order appealed from is affirmed.

MITCHELL, C. J., FULLERTON, TOLMAN, and HOLCOMB, JJ., concur.